# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYREE CARTER, EMILY HOLOD, JASON MCCARTHY, CARRIE ANN SANFORD AND SAMUEL SIERRA, individually and on behalf of all others similarly situated, | Jury Trial Demanded |
| Plaintiffs, | |
| v. | Civil Action No. |
| CARIBOU CAFÉ, INC. | |
| Defendant. | |

## **COMPLAINT**

1. Plaintiffs Tyree Carter, Emily Holod, Jason McCarthy, Carrie Ann Sanford and Samuel Sierra bring this complaint individually and on behalf of similarly situated individuals, including current and former employees, against Caribou Café, Inc. for unpaid wages, overtime, gratuities, liquidated damages, attorneys' fees and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, et seq., and the Philadelphia Gratuity Protection Bill, Section 9-614 of the Philadelphia Code. This dispute arises out of Caribou Café, Inc.'s failure to pay employees gratuities by deducting credit card costs and fees prior to issuing earned gratuities to employees and by failing to compensate employees for overtime. Plaintiffs seek approval to proceed as a representative action pursuant to the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA) and has supplemental jurisdiction over the State law claims pursuant to 28 U.S.C. § 1367.

## VENUE

3. Venue lies in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(1) and (2) as Defendant resides in this judicial district and a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## PARTIES

4. Plaintiff Tyree Carter is an individual residing in the Commonwealth of Pennsylvania, and at all material times was an employee in the employ of Defendant Caribou Café, Inc. and was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

5. Plaintiff Emily Holod is an individual residing in the Commonwealth of Pennsylvania, and at all material times was an employee in the employ of Defendant Caribou Café, Inc. and was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

6. Plaintiff Jason McCarthy is an individual residing in the Commonwealth of Pennsylvania, and at all material times was an employee in the employ of Defendant Caribou Café, Inc. and was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

7. Plaintiff Carrie Ann Sanford is an individual residing in the Commonwealth of Pennsylvania, and at all material times was an employee in the employ of Defendant Caribou Café, Inc. and was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

8. Plaintiff Samuel Sierra is an individual residing in the Commonwealth of Pennsylvania, and at all material times was an employee in the employ of Defendant Caribou Café, Inc. and was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

9. Defendant Caribou Café, Inc. hereinafter referred to as the "Employer," is an employer within the meaning of Section 203(d) the FLSA, 29 U.S.C. § 203(d), Section 3(g) of the PMWA, 43 P.S. § 333.103(g), and all other applicable sections of the FLSA and PMWA.

10. Plaintiffs seek to bring their FLSA claim as a representative action on behalf of all others similarly situated, including current and former employees of the Employer who have claims similar to Plaintiffs.

11. Plaintiffs seek to bring their PMWA claim as a representative action on behalf of all others similarly situated, including current and former employees of the Employer who have claims similar to Plaintiffs.

**REPRESENTATIVE CLASS ALLEGATIONS**

12. This Complaint is brought as a representative action as authorized by the FLSA, 29 U.S.C. § 216(b). Plaintiffs will seek prompt discovery in order to permit other potential representative class members to opt-in to this action as provided therein.

13. A representative action pursuant to the FLSA, 29 U.S.C. § 216(b), is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this representative action that would preclude its maintenance as a representative action, and no superior alternative exists for the fair and efficient adjudication

of this controversy. The putative representative class is readily identifiable from the Defendant's records.

14. Prosecution of separate actions by individual members of the representative class would create the risk of inconsistent or varying adjudications with respect to individual members of the representative class that would establish incompatible standards of conduct for the Defendant.

15. It is the position of counsel for Plaintiff that these forms of representative action are not subject to the requirements of Fed.R.Civ.P. 23 or Local Rule 23.1. See De Asencio v. Tyson Foods, Inc., 342 F.3d 301 (3d Cir. 2003).

16. In accordance with Local Rule 23.1, counsel states the following as to the requirements of Local Rule 23.1(b)(2) in the event that it is determined to apply to any of the claims hereunder.

17. The size of the potential represented class is comprised of at least fifty (50) class members, and would be comprised of current and former employees employed by the Employer within the three (3) years from the filing of this Complaint who were not properly compensated for time related to overtime and gratuities.

18. Plaintiffs are adequate representatives of the proposed representative class because their claims are typical of those of other persons in the represented class, they are represented by competent counsel, and the Employer acted on grounds common to the class.

19. The alleged questions of fact are common to all members of the proposed representative class, and the alleged questions of law involve the Employer's obligations under the FLSA and PMWA.

20. There is little need for individual represented class members to individually control their claims as the issues are common to all persons and primarily involve common issues of law.

21. Counsel is unaware after inquiry of any pending litigation involving this issue with the Employer.

## FACTS

22. The Employer maintains a restaurant at 1126 Walnut Street, Philadelphia, Pennsylvania.

23. Plaintiffs and the prospective representative class members are or were employed by the Employer during the past three (3) years as front-of-the-house employees, including host employees, wait staff and bartenders. Plaintiffs are all "tipped employees" within the meaning of the FLSA and PMWA.

24. Under the FLSA and PMWA, an employer may utilize a tip credit to pay tipped employees a direct wage less than the minimum wage. The tip credit is defined as a legally permitted portion of the statutory minimum wage that an employer is excused from paying because its tipped employees have earned a certain amount of money in tips or gratuities.

25. At all material times the minimum wage under the FLSA and PMWA was $7.25 per hour.

26. Under the FLSA, an employer may claim a $5.12 per hour tip credit from a tipped employee's minimum wage and the employer is then required to pay the remaining $2.13 per hour to the tipped employee. If the amount of tips an employee receives and fixed hourly rate is less than the minimum wage, an employer is obligated to pay an employee for the shortfall. If an

employee receives tips in excess of the minimum wage, an employer is not entitled to an additional credit.

27.     Under the PMWA, an employer may claim a tip credit of $4.42 per hour, and must pay a tipped employee $2.83 per hour.

28.     As the material events took place in Pennsylvania, the State law minimum wage rate of $2.83 per hour applied.  29 U.S.C. § 218.

29.     The United States Department of Labor, Wage and Hour Division, Fact Sheet #15 related to Tipped Employees Under the Fair Labor Standards Act provides, in pertinent part:

> A tip is the sole property of the tipped employee regardless of whether the employer takes a tip credit.  The FLSA prohibits any arrangement between the employer and the tipped employee whereby any party of the tip received becomes the property of the employer.  For example, even where a tipped employee receives at least $7.25 per hour in wages directly from the employer, the employee may not be required to turn over his or her tips to the employer.

30.     Pursuant to the Philadelphia Gratuity Protection Bill, Section 9-614 of the Philadelphia Code:

> An employer that permits patrons to pay gratuities by credit card shall pay employees the full amount of the gratuity that the patron indicated on the credit card slip, without any deduction for any credit card payment processing fees or costs that may be charged to the employer by the credit card company.  Payment of gratuities made by patrons using credit cards shall be made to the employees not later than the next regular payday following the date the patron authorized the credit card payment.

31.     Upon information and belief, the Employer, at all material times, maintained a policy whereby it would deduct three percent (3%) of all gratuities prior to issuing the gratuities to employees to purportedly cover credit card costs or fees.

32. Upon information and belief, the Employer, at all material times, failed to properly pay employees for hours worked in excess of forty (40) hours in a week.

33. Plaintiff Tyree Carter is an individual who at all material times was an employee in the employ of the Employer. Carter was denied full payment of gratuities.

34. Plaintiff Emily Holod is an individual who at all material times was an employee in the employ of the Employer. Holod was denied full payment of gratuities.

35. Plaintiff Jason McCarthy is an individual who at all material times was an employee in the employ of the Employer. McCarthy was denied full payment of gratuities.

36. Plaintiff Carrie Ann Sanford is an individual is an individual who at all material times was an employee in the employ of the Employer. Sanford was denied full payment of gratuities and was not paid overtime compensation for hours worked in excess of forty (40) in a week.

37. Plaintiff Samuel Sierra is an individual is an individual who at all material times was an employee in the employ of the Employer. Sierra was denied full payment of gratuities.

38. The Employer has failed to compensate Plaintiffs and the prospective representative class members for their hours worked in excess of forty (40) in a week and their full gratuity payments.

### COUNT I – VIOLATION OF THE FLSA
### (Failure to Pay Minimum Wage Compensation by Deducting from Tips)

39. Plaintiffs hereby incorporate each of the preceding allegations by reference as if fully set forth herein.

40. Pursuant to the FLSA, 29 U.S.C. § 206, Defendant is and was obligated to pay employees for all hours of work at the minimum wage.

41. Because the Plaintiffs are tipped employees, the Employer is permitted to take a tip credit, but every portion of the employees' gratuities must be received by the employees.

42. By deducting credit card costs and fees from employees' gratuities in violation of Philadelphia law, the Employer has violated the FLSA.

WHEREFORE, Plaintiffs pray for judgment against the Defendant and award of the following relief:

(A) Issue an Order directing and requiring Defendant to pay Plaintiffs and all other similarly situated employees damages in the form of reimbursements for unpaid wages for all time spent performing compensable work for which they were not paid pursuant to the FLSA;

(B) Issue an Order directing and requiring Defendant to pay Plaintiffs and all other similarly situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of wages and overtime owed to them;

(C) Issue an Order directing and requiring Defendant to reimburse Plaintiffs and other similarly situated employees for the costs and attorney's fees expended in the course of litigating this action; and

(D) Provide Plaintiffs with such other further relief, as this Court deems just and equitable.

## COUNT II – VIOLATION OF THE FLSA
**(Failure to Pay Overtime Compensation)**

43. Plaintiffs hereby incorporate each of the preceding allegations by reference as if fully set forth herein.

44. Pursuant to the FLSA, 29 U.S.C. § 207, Defendant is and was obligated to pay employees at a rate of one and one-half times the employees' regular hourly rate of pay for all hours worked in excess of forty (40) hours in a week.

45. The Employer failed to compensate all employees for all hours worked in excess of forty (40) hours in one week at a rate of one and one-half times the employees' hourly rate.

46. By failing to properly compensate employees for overtime, the Employer has violated the FLSA.

WHEREFORE, Plaintiffs pray for judgment against the Defendant and award of the following relief:

(A) Issue an Order directing and requiring Defendant to pay Plaintiffs and all other similarly situated employees damages in the form of reimbursements for unpaid wages for all time spent performing compensable work for which they were not paid pursuant to the FLSA;

(B) Issue an Order directing and requiring Defendant to pay Plaintiffs and all other similarly situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of wages and overtime owed to them;

(C) Issue an Order directing and requiring Defendant to reimburse Plaintiffs and other similarly situated employees for the costs and attorney's fees expended in the course of litigating this action; and

(D) Provide Plaintiffs with such other further relief, as this Court deems just and equitable.

## COUNT III – VIOLATION OF THE PMWA
(**Failure to Pay Minimum Wage Compensation by Deducting from Tips**)

47. Plaintiffs hereby incorporate each of the preceding allegations by reference as if fully set forth herein.

48. Pursuant to the PMWA, 43 P.S. § 333.104(a), Defendant is and was obligated to pay employees for all hours of work at the minimum wage.

49. Because the Plaintiffs are tipped employees, the Employer is permitted to take a tip credit, but every portion of the employees' gratuities must be received by the employees.

50. By deducting credit card costs and fees from employees' gratuities in violation of Philadelphia law, the Employer has violated the PMWA.

WHEREFORE, Plaintiffs pray for judgment against the Defendant and award of the following relief:

(A)  Issue an Order directing and requiring Defendant to pay Plaintiffs and all other similarly situated employees damages in the form of reimbursements for unpaid wages for all time spent performing compensable work for which they were not paid pursuant to the PMWA;

(B)  Issue an Order directing and requiring Defendant to pay Plaintiffs and all other similarly situated employees liquidated damages pursuant to the PMWA in an amount equal to, and in addition to the amount of wages and overtime owed to them;

(C)  Issue an Order directing and requiring Defendant to reimburse Plaintiffs and other similarly situated employees for the costs and attorney's fees expended in the course of litigating this action; and

(D) Provide Plaintiffs with such other further relief, as this Court deems just and equitable.

### COUNT IV – VIOLATION OF THE PMWA
**(Failure to Pay Overtime Compensation)**

51. Plaintiffs hereby incorporate each of the preceding allegations by reference as if fully set forth herein.

52. Pursuant to the PMWA, 43 P.S. § 333.104(c), Defendant is and was obligated to pay employees at a rate of one and one-half times the employees' regular hourly rate of pay for all hours worked in excess of forty (40) hours in a week.

53. The Employer failed to compensate all employees for all hours worked in excess of forty (40) hours in one week at a rate of one and one-half times the employees' hourly rate.

54. By failing to properly compensate employees for overtime, the Employer has violated the FLSA.

WHEREFORE, Plaintiffs pray for judgment against the Defendant and award of the following relief:

(A) Issue an Order directing and requiring Defendant to pay Plaintiffs and all other similarly situated employees damages in the form of reimbursements for unpaid wages for all time spent performing compensable work for which they were not paid pursuant to the PMWA;

(B) Issue an Order directing and requiring Defendant to pay Plaintiffs and all other similarly situated employees liquidated damages pursuant to the PMWA in an amount equal to, and in addition to the amount of wages and overtime owed to them;

(C) Issue an Order directing and requiring Defendant to reimburse Plaintiffs and other similarly situated employees for the costs and attorney's fees expended in the course of litigating this action; and

(D) Provide Plaintiffs with such other further relief, as this Court deems just and equitable.

Respectfully submitted,

FREEDMAN AND LORRY, P.C.

Dated: December 19, 2014                    /s/
LANCE GEREN
Pa. Attorney I.D. No. 86064
1601 Market Street, Suite 1500
Philadelphia, PA  19103
T: (215) 931-2573
F: (215) 925-7516

*Attorneys for Plaintiffs Tyree Carter, Emily Holod, Jason McCarthy, Carrie Ann Sanford and Samuel Sierra individually and on behalf of all other similarly situated employees.*